UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| ANDREW LANG,<br><br>　　　　　Petitioner,<br><br>　- against -<br><br>UNITED STATES OF AMERICA<br><br>　　　　　Respondent. | MEMORANDUM<br>OPINION AND ORDER<br><br>02 CR 1444 (SAS) |

------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

　　　　Petitioner Andrew Lang ("Petitioner" or "Lang"), formerly represented by counsel, brought a motion pursuant to 28 U.S.C. § 2255 ("section 2255") to vacate, correct or set aside his sentence on the ground that his conviction and judgment violated the Fifth and Sixth Amendments to the United States Constitution. Petitioner's counsel filed a Memorandum in Support of Petition for a Writ of Habeas Corpus ("Pet. Mem."). Petitioner also submitted a pro se submission – Movant's Memorandum of Law in Support of Movant's Section 2255 Motion to Vacate, Correct or Set Aside Movant's Sentence ("Pet. Pro Se Mem."). In an Opinion and Order dated December 9, 2009, this Court addressed the claims raised in both submissions and denied Petitioner's section

2255 motion.[1] Petitioner, now proceeding pro se, subsequently filed a timely Motion to Reconsider the District Court's Opinion and Order Pursuant to Petitioner's Section 2255 Motion to Vacate, Set Aside the Sentence or Conviction, dated December 22, 2009 ("Motion for Reconsideration" or "Recon. Mot."). For the following reasons, Petitioner's Motion for Reconsideration is denied.

## I.   BACKGROUND

Lang was charged in a four-count Superseding Indictment, S3 02 CR 1444, filed on July 1, 2004. Count One charged Lang with participating in a conspiracy to distribute both powder cocaine and crack cocaine ("crack"). Count Two charged Lang with the murder of Jesus Fornes. Count Three charged Lang with the possession, use and discharge of a firearm in connection with the murder of Jesus Fornes. Count Four charged Lang with the murder of Orlando Curet. Lang proceeded to trial by jury which, on July 23, 2004, concluded with a guilty verdict as to Counts One, Two and Three. Lang was found not guilty of Count Four. On October 11, 2005, Lang was sentenced to ten years, consecutive, on Count One, twenty years, consecutive, on Count Two, and five years, consecutive, on Count Three, for a total of thirty-five years in custody.

---

[1]   *See Lang v. United States*, No. 02 CR 1444, 2009 WL 4788430, at *7 (S.D.N.Y. Dec. 9, 2009).

Lang appealed his judgment of conviction to the Second Circuit, raising five challenges to his conviction.[2] In sum, the Second Circuit held that: (1) Lang's conviction for participating in the intentional killing of Fornes while engaged in a cocaine conspiracy was supported by sufficient evidence: (2) Lang was not entitled to a jury instruction on multiple conspiracies; (3) the joinder of Count Four with the first three counts was harmless error; (4) any error resulting from this Court's questioning of a juror outside of Lang's presence was harmless; and (5) this Court's decision allowing a juror to remain on the jury after he expressed fears about his jury service was not plain error.[3] Lang's judgment of conviction was thereby affirmed by the Second Circuit.[4]

Lang then filed a motion to vacate, set aside or correct his sentence pursuant to section 2255. In his section 2255 motion, Lang raised the following claims: "(1) ineffective assistance of counsel based on his trial counsel's alleged failures regarding the 'fearful juror;' (2) denial of the Sixth Amendment right to an impartial jury; (3) ineffective assistance of counsel regarding his right to testify at

---

[2]   See *United States v. Lang*, No. 05-6099-cr, 2007 WL 870374 (2d Cir. Mar. 22, 2007) (Summary Order).

[3]   See *id.* at *1-*3.

[4]   See *id.* at *3.

3

trial; and (4) insufficient evidence on the drug conspiracy charge given the 'dual object' nature of the conspiracy."[5] Lang's second and fourth claims were procedurally barred because they were, or could have been, raised on direct appeal; Lang failed to show cause and prejudice for failing to raise them on appeal; and Lang failed to establish that he was actually innocent of the crimes of which he was convicted.[6] Nonetheless, I considered the merits of these claims, as well as the first and third claims, and found all of Lang's claims to be without merit.[7] Lang now urges this Court to reconsider these rulings and grant his section 2255 motion.[8] Lang's request is denied for the following reasons.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which states:

---

[5] *Lang v. United States*, No. 02 CR 1444, 2009 WL 4788430, at *1 (S.D.N.Y. Dec. 9, 2009).

[6] *See id.*

[7] *See id.* ("[T]his Court finds that all of Lang's claims are entirely without merit, both legally and factually.").

[8] *See* Recon. Mot. at 14 (stating that "this Honorable Court should grant the motion for reconsideration or issue a Certificate of Appealability (COA)").

> Unless otherwise provided by statute or rule . . ., a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.[9]

Motions for reconsideration under Local Civil Rule 6.3 are committed to the sound discretion of the district court.[10] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[11] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[12]

---

[9] Rule 6.3 Motions for Reconsideration or Reargument (amended effective December 1, 2009) ("Local Civil Rule 6.3"). Local Civil Rule 6.3 has been amended to change the time limitation from ten to fourteen days.

[10] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[11] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[12] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The purpose of Local Civil Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[13] Local Civil Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[14] Courts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[15] A motion for reconsideration is not an "opportunity for making new arguments that could have

---

[13] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[14] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[15] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

been previously advanced,"[16] nor is it a substitute for appeal.[17]

## III. DISCUSSION

I have carefully reviewed Lang's Motion for Reconsideration, looking for a factual matter or controlling decision that I overlooked in my initial rulings on his section 2255 motion. I found none. What I did find was Lang rehashing the same arguments – arguments regarding the alleged ineffectiveness of his trial counsel – previously raised by Lang and his habeas counsel in the original section 2255 motion. I have already considered these arguments and have dismissed them for lack of merit. Moreover, I have dismissed Lang's arguments because he failed to show that he suffered any prejudice in connection with the "fearful juror" issue. The Supreme Court has counseled that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."[18] Even if the "fearful juror" had been replaced with an alternate juror, the odds that the outcome of Lang's trial would have been different are infinitesimal given the overwhelming evidence of Lang's guilt

---

[16] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[17] *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008).

[18] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

presented at trial. Moreover, this issue has already been reviewed and rejected by the Court of Appeals. Thus, there is no justification for reconsidering my earlier ruling. Furthermore, I have already declined to issue a Certificate of Appealablity. Nothing in Lang's submission changes this decision. Lang is free, of course, to seek a COA from the Second Circuit.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration of this Court's June 23, 2009 Opinion and Order is denied. The Clerk of the Court is directed to close this motion (Document # 85).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         May 25, 2010

## - Appearances -

**Petitioner (Pro Se):**

Andrew Lang
FCI McKean
P.O. Box 8000
Bradford, PA  16701

**For Respondent:**

Preet Bharara
United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-1025