UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ANDREW LANG,

Defendant.

---

02-cr-1444 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Andrew Lang has two pro se motions pending before this Court. First, Lang contends that the Court should exercise its discretion under Section 404 of the First Step Act of 2018 to reduce his sentence from 35 years imprisonment to 20 years imprisonment. (ECF No. 90.) Second, Lang moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 94.) Lang is 48 years old and has served 20 years of his 35-year sentence.

Lang led an extensive criminal organization that distributed crack cocaine in the Bronx—24 hours a day, seven days a week—from 1995 through 2001. In July 2004, after a two-and-a-half-week long trial, he was convicted by a jury of conspiracy to distribute more than 50 grams of crack cocaine and more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; the murder of Jesus Fornes, in violation of 21 U.S.C. § 848(e) and 18 U.S.C. § 2; and the possession, use, and discharge of a firearm in connection with the murder of Jesus Fornes, in violation of 18 U.S.C. §§ 924(c) and 2. The Guidelines range was life imprisonment plus a mandatory consecutive sentence of 60 months on the firearm count.

Judge Shira Scheindlin sentenced Lang in October 2005 to a term of 35 years of imprisonment: 10 years for the drug conspiracy, 20 years for the murder, and 5 years for the possession, use, and discharge of the firearm each to run consecutively to each other. (ECF No. 65.) Lang appealed his conviction, which the Second Circuit affirmed. *See United States v. Lang*, 220 F. App'x 48, 52 (2d Cir. 2007) (Summary Order). Lang subsequently sought collateral review of his sentence under 28 U.S.C. § 2255. Judge Scheindlin denied the requested relief in an Opinion and Order in 2009 and declined to grant a certificate of appealability. *Lang v. United States*, 2009 U.S. Dist. LEXIS 117275 (S.D.N.Y. 2009). Lang then sought reconsideration, which Judge Scheindlin denied also. *Lang v. United States*, 2010 U.S. Dist. LEXIS 51324 (S.D.N.Y. 2010). The Second Circuit also denied Lang's motion for a certificate of appealability. (ECF No. 88.)[1]

---

[1] Although Lang seeks the appointment of counsel to assist him with his motions (ECF No. 92), a defendant "has no right to the assistance of counsel in filing a motion for compassionate release," *United States v. Fleming*, 5 F.4th

I. MOTION FOR A SENTENCE REDUCTION PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

Lang moves for a reduced sentence of 240 months in light of the First Step Act of 2018. (ECF No. 90.) He contends that he is entitled to a reduced sentence because the First Step Act lowered the mandatory minimum penalty for his drug crime from 10 years to 5 years. (*Id.* at 2.)

In 2018, Congress passed the First Step Act, which made Sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggers the ten-year mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams and increased the quantity of crack that triggers the five-year mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Section 404(b) of the First Step Act provides that a court "that imposed a sentence for a covered offense *may* . . . impose a reduced sentence as if sections 2 and 3 ... were in effect at the time the covered offense was committed." *See* § 404(b), 132 Stat. at 5222. (Emphasis added.) A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" and "that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222.

Thus, Lang is eligible for a sentence reduction on Count 1 of conviction. When Lang was sentenced, Section 841(b)(1)(A) provided for a minimum term of imprisonment of 10 years and a maximum term of life. (*See* PSR ¶ 80.) Because Section 2 of the Fair Sentencing Act modified Section 841(b)(1)(A) and (B), Lang is eligible for a sentence reduction on this count.

However, Section 404(c) makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222. When considering a motion for a sentence reduction under Section 404, a district court conducts a two-part inquiry. First, the court "must determine whether the defendant is eligible for a reduction." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). If the defendant is eligible, the court "must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *Id.* In sum, although Lang may be *eligible* for a sentence reduction under the First Step Act, he is not *entitled* to one in the circumstances present here.

This Court finds that a sentence reduction under Section 404 of the First Step Act is not appropriate in this case. The mandatory minimum for Count 1 may have been reduced from 10 years to five years, but Lang's convictions for Counts 2 and 3—the murder of Jesus Fornes and the possession, use, and discharge of a firearm in connection with that murder—are not "covered offenses" under the First Step Act, and their penalty ranges are therefore unchanged. Lang's Guidelines range has not changed since the time of his sentence, and his 35-year sentence was in fact below the Guidelines range of life plus a mandatory consecutive 60 months at the time of sentencing as well as after the First Step Act took effect. Considering the extreme seriousness of Lang's offenses and his already below-Guidelines sentence, this Court finds that a sentence reduction is not warranted under Section 404 of the First Step Act. *See United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (affirming the denial of a Section 404 motion where the district

---

189, 193 (2d Cir. 2021). There is similarly no right to counsel for a First Step Act motion. *See United States v. Williams*, 2019 WL 5791747, at *5 (S.D.N.Y. Oct. 17, 2019) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 551 (1987). Lang's request for appointment of an attorney is denied.

court concluded that a reduction was not warranted because the defendant had already received a below-Guidelines sentence).

## II. MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. §3582(C)(1)(A)

As noted above, Lang has also filed a motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). (ECF No. 94.) Lang argues that he meets the compassionate release statute's requirement that he establish "extraordinary and compelling reasons" for release because FCI Fort Dix, where he is currently incarcerated, has handled the COVID-19 pandemic exceptionally poorly and as a result Lang is now suffering from "long-haul" COVID-19 symptoms. (*Id.* at 4-6.) Lang also cites the efforts he has made to rehabilitate himself; the fact that he has served approximately 64 percent of his sentence; and his reentry plan as section 3553(a) factors that weigh in favor of his release. (*Id.* at 10-16.)

The compassionate release statute permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with "the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[2]

Lang's motion fails because he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and any reduction would not be consistent with the section 3553(a) factors.

First, Lang contends that his "long-haul" COVID-19 symptoms qualify as an "extraordinary and compelling" reason supporting release. However, his BOP medical records show no evidence of these complications. The records do show that Lang has an elevated BMI and suffers from gastroenteritis and colitis, but he is only 48 years old and is otherwise in good health. Only his elevated BMI is considered a comorbidity for the most severe forms of COVID-19. This Court and others have found that "if preexisting medical conditions such as obesity were the end of the compassionate-release inquiry, every inmate who suffers from a COVID-19 risk factor would be entitled to release." *United States v. Lindo*, No. 15-Cr-854, 2020 WL 5038766, at *1. *See also United States v. Suarez*, No. 16-CR-453, 2020 WL 7646888, at *4 (S.D.N.Y. Dec. 23, 2020) ("[N]umerous courts in this Circuit have continued to hold that obesity . . . does not constitute 'extraordinary and compelling' circumstances calling for relief.").

Furthermore, Lang has received at least two doses of the vaccine against COVID-19, which weighs against granting release. *See United States v. Jaber*, 13 Cr. 485, 2022 U.S. Dist. LEXIS 1346, at *6-7 (S.D.N.Y. Jan. 4, 2022). *See also United States v. Jones*, 17 Cr. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); and *United States v. Santana*, 18 Cr. 865, 2021 U.S. Dist. LEXIS 86975, at *2 (S.D.N.Y. May 6, 2021).

In addition, FCI Fort Dix, where Lang currently resides, has just one positive case of COVID-19 among inmates and none among staff. *BOP: COVID-19 Update*, Fed. Bureau

---

[2] A defendant must also exhaust his administrative remedies prior to bringing suit. Lang has done so.

3

Prisons, https://www.bop.gov/coronavirus/ (last updated December 20, 2022). While this Court does not minimize the gravity of the COVID-19 pandemic, numerous courts have found that "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo*, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).

Furthermore, Lang's claims of rehabilitation do not rise to the level of extraordinary or compelling circumstances. The Court commends Lang on obtaining his GED and completing other educational courses while incarcerated, but "every inmate should strive for a productive institutional record while incarcerated because that is what is expected." *United States v. Saleh*, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020). Similarly, Lang's contributions to the prison community—namely, his involvement in UNICOR as a material coordinator—do not qualify as extraordinary or compelling. (ECF No. 94 at 15.)

In sum, the Court finds that the arguments Lang proffers do not, either separately or in combination, constitute extraordinary and compelling reasons for a sentence reduction.

Second, Lang contends that the section 3553(a) factors weigh in favor of release because he has served the majority of his sentence, has made "commendable steps" towards rehabilitation, has deteriorating health, has made valuable contributions to the prison community, is no longer a danger to the community, and has created a viable reentry plan. (ECF No. 94 at 10-16.)

The section 3553(a) factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

This Court finds that a 35-year sentence appropriately reflects the grave seriousness of Lang's offense. Lang planned the vicious murder of Jesus Fornes, provided the murder weapon, and was present at its execution. ("Presentence Investigation Report" and ECF. No 65.) Judge Sheindlin found that "a sentence of 35 years in prison is reasonable and is sufficient but not greater than necessary to achieve the goals of sentencing" and was appropriate to deter the defendant "from committing these kinds of vicious crimes no matter what the monetary gain." (Sentencing Tr. at 33:5-8 and 30:16-18.) This Court agrees that the original sentence imposed reflects the seriousness of Lang's offense and represents a just punishment.

Lang has not demonstrated that a reduction in his sentence is warranted under either Section 404 of First Step Act or 18 U.S.C. § 3582(c)(1)(A). As to Section 404 of the First Step Act, Lang received a below-guidelines sentence, and that sentence remains below guidelines even today. The 35-year sentence he received appropriately reflects the gravity of Lang's offense and achieves the goals of sentencing as set forth in 18 U.S.C. § 3553(a). As to his compassionate release motion, Lang has not only failed to demonstrate "extraordinary and compelling reasons" that would justify a reduction, but such a

reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, Lang's two motions for a sentence reduction are denied.

Dated: New York, New York
December 20, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.