UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ANDREW LANG,

Defendant.

02-cr-1444 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Andrew Lang has moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) on the basis of "extraordinary and compelling reasons." (ECF No. 105.) Lang is 50 years old and has served 22 years of his 35-year sentence. For the reasons that follow, the Court denies Lang's motion.

    From 1995 to 2001, Lang led an extensive criminal organization in the Bronx distributing crack cocaine. In July 2004, a jury convicted him of conspiracy to distribute more than 50 grams of crack cocaine and more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; the murder of Jesus Fornes, in violation of 21 U.S.C. § 848(e) and 18 U.S.C. § 2; and the possession, use, and discharge of a firearm in connection with that murder, in violation of 18 U.S.C. § 924(c). At the time, the United States Sentencing Guidelines Range range was life imprisonment plus a mandatory consecutive sentence of 60 months on the firearm count.

    Judge Shira Scheindlin sentenced Lang to 35 years imprisonment comprising 10 years for the drug conspiracy, 20 years for the murder, and 5 years for the firearm count, running consecutively. (ECF No. 65.) The United States Court of Appeals for the Second Circuit affirmed Lang's conviction. *See United States v. Lang*, 220 F. App'x 48, 52 (2d Cir. 2007). Lang subsequently sought collateral review of his sentence pursuant to 28 U.S.C. § 2255 which the court denied, also declining to grant a certificate of appealability. *See Lang v. United States*, 2009 U.S. Dist. LEXIS 117275 (S.D.N.Y. 2009). Lang then sought reconsideration of that determination, which the court also denied. *Lang v. United States*, 2010 U.S. Dist. LEXIS 51324 (S.D.N.Y. 2010). The Second Circuit denied Lang's subsequent motion for a certificate of appealability. (ECF No. 88.)

    Lang also filed two *pro se* motions in 2022 for a reduction in his sentence pursuant to Section 404 of the First Step Act of 2018 and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 90, 94.) This Court denied both motions. The Court concluded that a sentence reduction pursuant to Section 404 of the

1

First Step Act was inappropriate because Lang's Guidelines range had not changed since his sentencing, and his 35-year sentence was below the Guidelines range both at the time of sentencing and after the First Step Act took effect. *United States v. Lang*, No. 02-CR-1444, 2022 WL 17819518 (S.D.N.Y. Dec. 20, 2022). Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) was also inappropriate because Lang failed to show "extraordinary and compelling reasons" for a sentence reduction and any reduction would have been inconsistent with the Section 3553(a) factors. *Id.* at *3.

### I. LANG'S CIRCUMSTANCES ARE NOT EXTRAORDINARY AND COMPELLING.

Lang's current motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)—his second such motion—fails because he has not demonstrated "extraordinary and compelling" reasons supporting a reduction of his sentence.[1] Lang correctly points out that a defendant who received the mandatory minimum sentence is *eligible* for a sentence reduction pursuant to Section 3582, *United States v. Halvon*, 26 F.4th 566 (2d Cir. 2022), but that does not mean he is *entitled* to a reduction.

Lang puts forth four circumstances as "extraordinary and compelling reasons" supporting his release: his age and personal growth since his offense; his remorse; his work in the UNICOR program; and his completion of drug education and reentry programs. (ECF No. 105 at 10-11.)

These reasons do not meet the "extraordinary and compelling" requirement, either separately or in combination. *See United States v. Rivera*, No. 13-CR-424, 2024 WL 706961, at *2 (S.D.N.Y. Feb. 21, 2024) (finding, although the defendant "previously accepted responsibility for his actions, . . . his continued remorse is not extraordinary and compelling.") As this Court previously wrote, "every inmate should strive for a productive institutional record while incarcerated because that is what is expected." *United States v. Lang*, 2022 WL 17819518, at *3 (S.D.N.Y. Dec. 20, 2022) (quoting *United States v. Saleh*, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020)).

Lang further contends that an "extraordinary and compelling" reason to reduce his sentence is that he received an "unusually long sentence and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Under that provision, a court may consider "a change in the law . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" in making its determination as to whether extraordinary

---

[1] Although Lang is required to exhaust his administrative remedies prior to bringing this motion, 18 U.S.C. § 3582(c)(1)(A), there is nothing in this record to indicate that he has done so; however, because the exhaustion requirement is not jurisdictional, the Court will proceed to the merits of this application. *See United States v. Lindo*, No. 15-CR-854, 2020 WL 5038766, at *1 (S.D.N.Y. Aug. 26, 2020); *United States v. Saladino*, 7 F.4th 120 (2d Cir. 2021); *cf. id.* at 126 (Menashi, J., concurring).

and compelling reasons exist for compassionate release. *Id.* In doing so, the court must undertake a "full consideration of the defendant's individualized circumstances." *Id.*

Lang has indeed served more than 10 years of his 35-year sentence. However, that sentence is not unusually long in light of the conduct for which he was convicted, and consequently he does not demonstrate "extraordinary and compelling reasons" by virtue of the Section 1B1.13(b)(6) provision. *See United States v. Rodriguez*, No. 10-CR-905, 2024 WL 3862051, at *3 (S.D.N.Y. Aug. 19, 2024) (finding that "extraordinary and compelling reasons" were not demonstrated on the basis that a sentence was "not unusually long in light of the nature and circumstances of his crime"). Lang planned the murder of Jesus Fornes, supplied the murder weapon, and observed the execution. *United States v. Lang*, 2022 WL 17819518, at *4 (S.D.N.Y. Dec. 20, 2022). Judge Scheindlin found that a 35-year prison sentence "is reasonable and is sufficient but not greater than necessary to achieve the goals of sentencing." This Court agrees—as it did in 2022—that "the original sentence imposed reflects the seriousness of Lang's offense and represents a just punishment." *Id.*

Even if Lang's sentence were unusually long in light of his conduct—which it is not—there is not a gross disparity between Lang's present sentence and the sentence likely to be imposed when Lang filed the present motion. As this Court previously explained, although the First Step Act reduced the mandatory minimum for Lang's conviction for Count 1 from 10 years to 5 years, the First Step Act does not treat Lang's convictions for Counts 2 and 3 as "covered offenses," meaning that their penalty ranges have not changed and therefore Lang's Guidelines range has not changed since his initial sentence, and no gross disparity exists.

The government contends that Section 1B1.13(b)(6) "exceeds the Sentencing Commission's statutory authority to promulgate a definition of the term 'extraordinary and compelling reasons.'" (ECF No. 110.) The Court declines to reach this question because Lang has failed to justify compassionate release on the basis of Section 1B1.13(b)(6). *See Rodriguez*, 2024 WL 3862051, at *3.

## II. THE SECTION 3553(a) FACTORS DO NOT WEIGH IN FAVOR OF A SENTENCE REDUCTION.

Not only has Lang failed to show extraordinary and compelling reasons justifying a reduction in his sentence, but also the Section 3553(a) factors weigh against a reduction in Lang's sentence. In order to modify a term of imprisonment due to "extraordinary and compelling reasons," the court must "consider the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Those factors require this Court to consider, among other things, "the nature and circumstances of the offense . . . the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense, [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1), (a)(2).

Lang committed grave and serious offenses. He planned the murder of Jesus Fornes, furnished the murder weapon, and supervised Fornes' execution. As Judge Scheindlin found in October 2005 and this Court found in December 2022, a 35-year sentence "is reasonable and is sufficient but not greater than necessary to achieve the goals of sentencing and was appropriate to deter the defendant from committing these kinds of vicious crimes no matter what the monetary gain." *United States v. Lang*, 2022 WL 17819518, at *41 (S.D.N.Y. Dec. 20, 2022). Lang's current sentence reflects the seriousness of his crimes and gives appropriate consideration to the Section 3553(a) factors.

In sum, because Lang has failed to exhaust his administrative rights and failed to demonstrate "extraordinary and compelling reasons" for a reduction of his sentence and the Section 3553(a) factors do not weigh in favor of a sentence reduction, Lang's motion for a sentence reduction is denied.

Dated: New York, New York
February 4, 2025

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.